**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

Plaintiff, : Case No. 3:09-cr-095
Also 3:11-cv-340

District Judge Walter Herbert Rice
-vs- Magistrate Judge Michael R. Merz
:

LEVI LEE,

Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 76). On the Court's Order (Doc. No. 77), the United States has filed an answer (Doc. No. 80). In the Order for Answer, the Court set a date of twenty-one days after the answer was filed for the Defendant to file a reply. The answer was filed and served October 21, 2011, and the time for reply has therefore expired; no reply has been filed.

Lee pleads the following Grounds for Relief:

> **Ground One:** Counsel was ineffective for failure to discuss an appeal with Petitioner.
>
> **Supporting Facts:** After sentencing, Petitioner told counsel he was not happy with the length of the sentence and asked if anything could be done. Counsel replied nothing could be done.
>
> **Ground Two:** Counsel was ineffective for failure to argue for safety valve.
>
> **Supporting Facts:** Counsel was asked by the Petitioner about the safety valve. Counsel was not familiar with the safety valve and he stated he would check in on it, but never responded back.

> **Ground Three:** Petitioner should be re-sentenced in regards to the new policy adopted by the Dept. of Justice and the 18:1 ratio.
>
> **Supporting Facts:** Petitioner should be re-sentenced in connection with the 18:1 ratio and the new position taken by the Dept. of Justice in regards to new mandatory minimums.

(Motion, Doc. No. 76, PageID 317.)

## Procedural History

Defendant was indicted by the grand jury for this District on nineteen counts of drug- and firearm-related criminal conduct: conspiracy to distribute in excess of fifty grams of crack cocaine and one hundred grams of heroin (Count One), maintaining a place for the distribution of cocaine and heroin (Count Two); distributing in excess of five grams of crack on December 15, 2008 (Count Three); dealing in firearms without a license (Count Four); distributing in excess of five grams of crack cocaine on December 23, 2008 (Count Five); possessing a firearm in furtherance of a drug trafficking crime on December 23, 2008 (Count Six); distributing in excess of five grams of crack cocaine on January 2, 2009 (Count Seven); distributing heroin on January 2, 2009 (Count Eight); distributing heroin on January 14, 2009 (Count Nine); possessing a firearm in furtherance of a drug trafficking crime on January 14, 2009 (Count Ten); distributing heroin on February 2, 2009 (Count Eleven); distributing heroin on February 18, 2009 (Count Twelve); distributing heroin on March 19, 2009 (Count Thirteen); distributing heroin on April 28, 2009 (Count Fourteen); distributing in excess of five grams of crack cocaine on June 19, 2009 (Count Fifteen); possession of a firearm in furtherance of a drug trafficking crime on June 19, 2009 (Count Sixteen); distributing heroin on July 2, 2009 (Count Seventeen); distributing heroin on July 8, 2009 (Count Eighteen); and possessing crack cocaine with intent to distribute on July 8, 2009 (Count Nineteen). (Indictment, Doc. No. 16.)

On February 5, 2010, Defendant entered into a Plea Agreement with the United States under

which he was to plead guilty to Counts One and Six (Doc. No. 39). In the Plea Agreement, Defendant was advised that the mandatory minimum imprisonment term on Count One was ten years (120 months) and that the mandatory minimum imprisonment term on Count Six was five years consecutive to the crack cocaine sentence. *Id.* ¶ 2. Defendant acknowledged that the Sentencing Guidelines were advisory and that after considering the results of applying the Guidelines, the Court would be free to sentence him to any imprisonment sentence which included at least the minimum. *Id.* ¶ 3. In return, the Government promised to dismiss all the other counts of the Indictment. *Id.* ¶ 10. The Statement of Facts attached to the Plea Agreement contains facts sufficient to support conviction for distributing more than 70 grams of crack and 100 grams of heroin "to low-level drug dealers" and routinely carrying a firearm in the course of the drug trafficking. *Id.* PageID 182.

In its Sentencing Memorandum in this case, the United States recognized the decision of the Sixth Circuit in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), which forbade application of the 18 U.S.C. § 924(c) mandatory minimum sentence when a defendant was being sentenced at the same time for another offense which carried a greater mandatory minimum. (Doc. No. 58, PageID 250). It also acknowledged enactment of the Fair Sentencing Act of 2010 which raised the quantity of crack cocaine necessary to trigger the ten-year minimum sentence, but argued the Act contained no retroactivity provision. *Id.*

Upon his plea of guilty, Defendant was sentenced to 120 months confinement and a subsequent five years of supervised release on Count One. (Minute Entry, Doc. No. 62.) The firearm count was severed to await United States Supreme Court resolution of the issue presented by *Almany, supra*. *Id.* Judgment was entered on October 22, 2010 (Doc. No. 63). On January 14, 2011, Judge Rice dismissed the firearm count with prejudice on the Government's Motion (Doc. No. 73 and notation order). Defendant took no appeal, but filed the instant Motion within a year of the

finality of his conviction.

## Analysis

### Ground One

In his First Ground for Relief, Defendant claims he received ineffective assistance of trial counsel because his trial counsel did not discuss with him the advisability of an appeal after he was sentenced.

The facts pled on this Ground for Relief are very simple: after receiving the mandatory minimum sentence for Count One, Defendant told his attorney he was unhappy with the length of the sentence as a first-time offender and asked if anything could be done; his attorney "never responded to me about it except to say there was nothing that could be done." (Affidavit, Doc. No. 76-1, PageID 320.) Because there has been no evidentiary hearing, the Magistrate Judge accepts Defendant's sworn assertion at face value.

There is of course a constitutional right under the Sixth Amendment to the effective assistance of counsel at trial. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the

> result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, ___ F.3d ___ (6th Cir. Sept. 16, 2011), quoting *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

Failure to file a notice of appeal on request is ineffective assistance without any showing of prejudice. *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993); *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991); *Estes v. United States,* 883 F.2d 645 (8th Cir. 1989); *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990). The Sixth Circuit also held "We emphasize, of course, that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis. Here the Defendant admits that

he did not request that a notice of appeal be filed. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal.

In this case Judge Rice explained his appeal rights to Defendant at the time of sentencing and Defendant indicated he understood them[1]. Nevertheless, he never told his attorney to file a notice of appeal, nor did he ever attempt to file one himself. There is no reason to think that a rational defendant would have wanted to appeal when Defendant obtained the best sentence which was legally possible for the offense for which he was sentenced, along with dismissal of all the other counts.

Even if we assume that his attorney should have discussed the possibility of an appeal with Mr. Lee, he has not shown any resulting prejudice. While no showing of prejudice is necessary for a failure to file after being instructed to do so, the same is not true where there has been no instruction to file. Defendant does not begin to suggest any issues which he could have raised on appeal and which were likely to result in a lesser sentence. As Respondent notes, this Court could not legally impose a sentence below the mandatory minimum. (Response, Doc. No. 80, at PageID 391, *citing United States v. Franklin*, 499 F. 3d 578 (6th Cir. 2007)).

Ground One for Relief should be denied.

---

[1] Defendant's statement "Petitioner was left without knowing that he had a right to appeal the sentence" (Motion, Doc. No. 76-3, PageID 338), is plainly refuted by the record. (Sentencing Tr., Doc. No. 78, p. 22.)

## Ground Two

In his Second Ground for Relief, Petitioner claims ineffective assistance of trial counsel because his attorney did not argue for application of the "safety valve" at sentencing. He argues this Ground at some length (Motion, Doc. No. 76-3, PageID 341-344). However, his argument ignores the fact that he was ineligible for the safety valve reduction because of his possession of a firearm in connection with the drug trafficking offense to which he pled guilty. 18 U.S.C. § 3553(f)(2). The Statement of Facts attached to the Plea Agreement establishes that Mr. Lee routinely carried a firearm in the course of his drug-dealing business. Finally, Judge Rice made an express finding at the time of sentencing that the "safety valve" statute did not apply because Lee was in possession of a firearm. (Sentencing Tr., Doc. No. 78, p. 17.) Ground Two for Relief should also be denied.

## Ground Three

In his Third Ground for Relief, Petitioner requests that the Fair Sentencing Act of 2010 (the "FSA") which changed the crack-to-powder cocaine ration from 110:1 to 18:1 should be applied to him.

The relevant chronology is that Mr. Lee committed the offense of which he was convicted before the FSA was enacted on August 3, 2010, but he was sentenced thereafter. He notes that at the time he was sentenced, the Justice Department took the position that the FSA would not apply to persons in his position, but that it has since changed its position and would allow the FSA to be applied to persons whose offenses occurred before August 3, 2010, but who were sentenced after that date.

The United States Attorney acknowledges the accuracy of Defendant's understanding of the

DOJ position and "agrees that Mr. Lee should be granted relief and re-sentenced under the Fair Sentencing Act." (Response, Doc. No. 80, PageID 394-395.) However, two obstacles prevent the Magistrate Judge from accepting that recommendation.

First of all, 28 U.S.C. § 2255 is not a general statute giving district judges authority to modify sentences after the fact because the Department of Justice has changed its policy position. Relief can be granted under § 2255 only if "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F. 3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. §2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780, 99 S. Ct. 2085, 60 L. Ed. 2d 1634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). There is no constitutional right to the retroactive application of a change in the sentencing statutes. That is, Mr. Lee's sentence is not unconstitutional.

Secondly, the Court cannot interpret the FSA to apply retroactively. As acknowledged by Respondent, *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1706, 179 L. Ed. 2d 637 (2011), is published circuit precedent to the contrary. The court held:

> The "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660, 94 S. Ct. 2532, 41 L. Ed. 2d 383 (1974); *United States v. Avila-Anguiano*, 609 F.3d 1046, 1050 (9th Cir. 2010); *United States v. Smith*, 354 F.3d 171, 174 (2d Cir. 2003); *Korshin v. Commissioner*, 91 F.3d 670, 673-74 (4th Cir. 1996).

> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question. We affirm the district court's imposition of the 60-month mandatory minimum sentence.

621 F.3d at 580. A prior published decision of the Sixth Circuit remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit *en banc* overrules the prior decision. *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001);*Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985); *accord* 6th Cir. R. 206(c). Because there is no Supreme Court decision subsequent to *Carradine* which is inconsistent with it and no *en banc* Sixth Circuit decision overruling it, we are bound by *Carradine*. The Third Ground for Relief should be denied.

## Conclusion

In accordance with the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied. Because reasonable jurists would not disagree with the conclusion on Grounds One and Two, Defendant should be denied leave to appeal those Grounds *in forma pauperis* and any requested certificate of appealability. However, because the Attorney General has changed the Government's position on retroactive application of the FSA, Defendant should be granted a certificate of appealability on that Ground, as well as leave to appeal *in forma pauperis*, so that the

Department of Justice will have an opportunity to persuade the Sixth Circuit of its new position and, if it is successful, Defendant should be allowed to benefit by that success.

November 28, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).