# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


UNITED STATES OF AMERICA,

        Plaintiff,          :          Case No. 3:09-cr-095
                                          Also     3:11-cv-340

                                          District Judge Walter Herbert Rice
        -vs-                            Magistrate Judge Michael R. Merz

                                 :

LEVI LEE,

        Defendant.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Objections (Doc. No. 82) to the Magistrate

Judge's Report and Recommendations (Doc. No 81) recommending that Defendant's Motion to

Vacate under 28 U.S.C. § 2255 (Doc. No. 76) be denied. The General Order of Reference for the

Dayton location of court permits a magistrate judge to reconsider decisions or reports and

recommendations when objections are filed.

Mr. Lee pled three Grounds for Relief, but makes objection only to the recommended

disposition of Ground Three, his claim that he should be re-sentenced under the Fair Sentencing Act

("FSA"). Mr. Lee committed the offense of which he was convicted before the FSA was enacted

but was sentenced after its effective date (August 3, 2010). At the time he was sentenced, the

Department of Justice took the position that the FSA did not apply to persons in his situation

(offense before 8/3/2010 but sentence after), but has since changed its position. In the meantime,

however, Mr. Lee was in fact sentenced.

The Report first notes that there is no constitutional violation in failing to apply the FSA

retroactively. Mr. Lee concedes that point, but notes that relief is available under 28 U.S.C. § 2255 for violations of federal law other than the Constitution. Mr. Lee is correct in his major premise. Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346 (1974), quoting *Hill v. United States*, 368 U.S. 424, 428-429 (1962); see also *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2006). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

However, Mr. Lee's sentence was not in violation of any federal law. The FSA does not expressly say it is to be applied retroactively and the Sixth Circuit, whose decisions control this Court, has ruled that it is not to be interpreted as applying retroactively. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1706, 179 L. Ed. 2d 637 (2011).

Mr. Lee relies on *United States Shull*, 2011 U.S. Dist. LEXIS 69306 (S.D. Ohio June 29, 2011)(Marbley, J.). The crucial difference between this case and Shull's case is that Shull had not yet been sentenced when Judge Marbley wrote, but Mr. Lee has. § 2255 is not a general authorization to federal courts to reopen previously imposed sentences on policy grounds. Instead, it must be found that the sentence violates federal law and Mr. Lee's does not.

It is again respectfully recommended that the Petition be denied on all three Grounds for Relief, but that Mr. Lee be permitted to appeal *in forma pauperis* and be granted a certificate of

appealability on Ground Three so that, if it sees fit to do so, the Sixth Circuit can relax the binding

effect of *Carradine* on lower courts.

December 9, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).